**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT GREENEVILLE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 2:16-cr-00104-005-DCLC-CRW |
| v. | ) | |
| | ) | |
| DAVID BROTHERTON | ) | |

## <u>MEMORANDUM AND ORDER</u>

DAVID BROTHERTON ("Defendant") came before the Court (via videoconference) for an initial appearance on August 6, 2026, in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure on the Petition for Warrant for Offender Under Supervision [Doc. 395] (the "Petition").

After being sworn in due form of law, Defendant was informed of his privilege against self-incrimination under the 5th Amendment and his right to counsel under the 6th Amendment to the United States Constitution.

The Court determined Defendant wished to be represented by an attorney and that he qualified for the appointment of an attorney to represent him at government expense. Consequently, the Court **APPOINTED** attorney Emily Swecker to represent Defendant.

Defendant was furnished with a copy of the Petition, and had an opportunity to review that document with his attorney. The Court determined that Defendant was able to read and understand the Petition with the assistance of his counsel. In addition, AUSA Wayne Taylor explained to Defendant the specific charges contained in the Petition. Defendant acknowledged he understood the charges in the Petition.

The Government moved Defendant be detained pending disposition of the Petition or further Order of this Court. The Court explained Defendant's right to a preliminary hearing and detention hearing and what those hearings entail. Defendant conferred with his counsel and waived the preliminary hearing and the detention hearing.

The Court finds that probable cause exists to demonstrate that Defendant has committed violations of his conditions of supervised release and that Defendant has not carried the burden of establishing by clear and convincing evidence that he will not flee or pose a danger to any other person or to the community. Consequently, the Court **GRANTED** the Government's oral motion to detain Defendant pending disposition of the Petition or further Order of this Court.

1

It is, therefore, **ORDERED** that:

1. Counsel for Defendant and the Government shall confer and make best efforts to submit to the Honorable United States District Judge Clifton L. Corker a proposed Agreed Order with respect to an appropriate disposition of the Petition. In the event counsel are unable to reach agreement with respect to an appropriate disposition of the Petition, they shall appear in court for a revocation hearing before the Honorable United States District Judge Clifton L. Corker on **September 10, 2026, at 9:00 a.m.**

2. The Government's motion that Defendant be **DETAINED WITHOUT BAIL** pending the revocation hearing is **GRANTED**.

3. Unless revised by further order of the Court, the United States Marshals Service shall transport Defendant to the revocation hearing before the Honorable United States District Judge Clifton L. Corker on **September 10, 2026, at 9:00 a.m.**

**SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

2